# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| In Re: ) | |
| ) | Case No. 18-21913 |
| Hopkins Fabrication, LLC, ) | |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | ECF No. 109 |

## MEMORANDUM AND ORDER OVERRULING
## DEBTOR'S OBJECTION TO PROOF OF CLAIM NO. 6

**I.    Introduction**

On November 26, 2018, Hopkins Fabrication, LLC (the "Debtor") filed an amended Chapter 7 petition, Schedules AB, D, EF, G, H, Summary of Assets and Liabilities, Statement of Financial Affairs, and a Creditor Matrix.  ECF Nos. 13 and 15.  On the Schedule EF, the Schedule H, and the Creditor Matrix, the Debtor listed the "CT Second Injury Fund" as a creditor. ECF No. 13.  On December 26, 2018, a bar date of February 4, 2019 was set for all creditors to file proofs of claim, except for governmental units.  ECF No. 17.  The bar date for governmental units to file proofs of claim was set as the date "within 180 days of entry of the Order for Relief," which if calculated from the date of the filing of the petition, was May 25, 2019.  *See id.*

On March 19, 2019, the State of Connecticut, Second Injury Fund, Office of the Treasurer (the "Second Injury Fund") filed Proof of Claim No. 6 ("Claim No. 6") in the amount of $2,397,105.00.  Claim No. 6 cited future workers' compensation benefits pursuant to Connecticut General Statutes § 31-306 and § 31-355 as the basis for the claim and attached a calculation of the probable value of the future indemnity benefits in support of the claim.

On June 26, 2019, the Debtor filed an Objection to Claim No. 6, and an Amended Objection to Claim No. 6 on July 2, 2019 (the "Objection to Claim No. 6"). ECF Nos. 105 and 109. On August 2, 2019, the Second Injury Fund filed a Response to the Objection to Claim No. 6 (the "Response"). ECF No. 111. A hearing on the Objection to Claim No. 6 and the Response was held on November 12, 2019. At the conclusion of the hearing, the Court took the matter under advisement.

Having considered the Objection to Claim No. 6, the Response, and the arguments made by the Debtor and the Second Injury Fund at November 12th hearing, the Objection to Claim No. 6 is OVERRULED.

## II. Background

The Objection to Claim No. 6 asserts that: (i) the Second Injury Fund is not a governmental unit within the meaning of 11 U.S.C. § 101(27) and was therefore not entitled to file a claim after February 4, 2019; and (ii) the amount of the claim was zero on the petition date. The Court disagrees.[1]

## III. Analysis

Section 101(27) of the Bankruptcy Code provides:

> The term "governmental unit" means United States; State; Commonwealth; District; Territory; municipality; foreign state; department, agency, or instrumentality of the United States . . ., a State, a Commonwealth, a District, a Territory, a municipality, or a foreign state; or other foreign or domestic government.

11 U.S.C. § 101(27). The plain language of the statute indicates a "governmental unit" can be a department, agency, or instrumentality of a state. The legislative history of the statute further

---

[1] The Second Injury Fund asserts that the Debtor does not have standing to object to its claim. Because the Objection to Claim No. 6 is overruled and the claim of Second Injury Fund is allowed on the merits, the issue of standing does not need to be addressed.

supports a finding that the Second Injury Fund is a governmental unit. The legislative history provides:

> "Department, agency, or instrumentality" does not include an entity that owes its existence to state action, such as the granting of a charter of license but that has no other connection with a state or local government or the federal government. *The relationship must be an active one in which the department, agency, or instrumentality is actually carrying out some governmental function*.

S. Rep. No. 95-989, at 24 (1979) (emphasis added).

In addition, *Collier on Bankruptcy* supports the conclusion that the definition of a governmental unit is broad, encompasses the constituent units of domestic governments, and that the instrumentality in question should "actually be carrying out governmental rather than private objectives." *See* 2 *Collier on Bankruptcy*, ¶ 101.27, p. 101-130 (Alan N. Resnick & Henry J. Sommers eds., 16th ed.). Public insurance, which is the role of the Second Injury Fund, is traditionally a function of state government. *See Second Injury Fund v. National Union Fire Ins. Co. of Pittsburgh PA*, No. 3:10cv86 (SRU), 2010 WL 2698271, at *5 (D. Conn. July 8, 2010).

Given the broad definition of a governmental unit, the Court finds that the Second Injury Fund is a "department, agency, or instrumentality" of Connecticut and is therefore a governmental unit under section 101(27). The United States District Court for the District of Connecticut's opinion in *Second Injury Fund v. National Union Fire Ins. Co.* supports the finding that the Second Injury Fund is a governmental unit. In that case, the District Court applied the six factors outlined in *McGinty v. New York*, 251 F.3d 84, 95-96 (2d Cir. 2001) to hold that the Second Injury Fund is a governmental unit for the purposes of establishing diversity jurisdiction. *See Second Injury Fund v. National Union Fire Ins. Co. of Pittsburgh PA*, 2010 WL 2698271, at *3 ("The six factors identified in *McGinty* indicate that the Second Injury Fund is indeed an arm or alter ego of the state," and thus the State is the real party in interest.). !

Further, the Objection to Claim No. 6 fails to convince the Court that the Second Injury Fund is not a governmental unit. None of the authorities cited by the Debtor support its argument that the Second Injury Fund is a general creditor. In fact, the Debtor's reliance on *In re Hansen*, 576 B.R. 845 (Bankr. E.D. Wisc. 2017) and *In re Brown*, No. 17-03016 (N.D. Ind. August 1, 2019) supports the Second Injury Fund's assertion that it is a governmental unit. *Hansen* recognized that the State of Wisconsin's Department of Workforce Development, Worker's Compensation Division is a governmental unit, *In re Hansen*, 576 B.R. at 852 ("The debt is also payable to a governmental unit, satisfying part of the second requirement."), and *Brown* recognized that the Indiana Department of Workforce Development is also a governmental unit. *In re Brown*, No. 17-03016, at *9 ("The penalty here is 'payable to' the government[.]"). The state agencies found to be governmental units in *Hansen* and *Brown* also each controlled a special purpose fund like the Second Injury Fund intended for payment of unemployment compensation benefits that ultimately received recoveries. To treat the statutorily created Second Injury Fund differently because it appears before the Court instead of the Office of the Treasurer is to ignore the real party in interest—the State of Connecticut.

The additional argument that Claim No. 6 should be disallowed because the Debtor owed nothing to the Second Injury Fund on the petition date is also without merit. The Bankruptcy Code provides:

> (5) The term "claim" means–
>   (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured[.]

11 U.S.C. § 101(5)(A). A "claim" therefore can exist under the Code before a right to payment exists under state law. *In re Johns-Manville Corp.*, 552 B.R. 221, 232 (Bankr. S.D.N.Y. 2016) (quoting *JELD-WEN, Inc. v. Van Brunt (In re Grossman's Inc.)*, 607 F.3d 114, 121 (3d Cir.

2010)). Thus, the Debtor's additional argument fails because the Second Injury Fund had a right to payment even if its claim had not been reduced to a judgment or was unliquidated, contingent, or unmatured on the petition date.

Therefore, it is hereby

**ORDERED**: The Objection to Claim No. 6, ECF No. 109, is OVERRULED and Claim No. 6 is an allowed general unsecured claim pursuant to 11 U.S.C. § 502(b) in the amount of $2,397,105.00, conditioned upon the entry of a finding and award pursuant to Conn. Gen. Stat. § 31-355(b).

Dated at Bridgeport, Connecticut this 7th day of February, 2020.

*Julie A. Manning*
Chief United States Bankruptcy Judge
District of Connecticut